IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CASE NO. 6:09-CR-74(02) |
| | § | |
| LAKENDRIC MILLER, | § | |

## MEMORANDUM OPINION AND ORDER

Having considered Defendant's Motion to Revoke Pretrial Detention Order and the Government's response thereto, Defendant's Motion to Revoke Pretrial Detention Order is **DENIED**.

### BACKGROUND

Defendant Lakendric Miller is charged with conspiracy to launder monetary instruments and money laundering and attempted money laundering in violation of 18 U.S.C. § 1956(h). Miller was arrested and presented before Magistrate Judge Guthrie on May 27, 2009. Miller pled not guilty and was detained pending a hearing on June 3, 2009. At the detention hearing, Judge Guthrie found that there was a serious risk that Miller would endanger the safety of another person or the community. Accordingly, she ordered him detained before trial.

### APPLICABLE LAW

Under 18 U.S.C. § 3145(b), a criminal defendant is entitled to have a magistrate judge's detention order reviewed by "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial

detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir.1992).

18 U.S.C. § 3142 governs pretrial detention of criminal defendants. A judicial officer will order detention of a person before trial if, after a hearing held upon motion of the government, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f). The judicial officer's determination of whether there are conditions of release that will reasonably assure the safety of any other person and the community takes into account

    (1) the nature and circumstances of the offense charged . . . ;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including–

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be

posed by the person's release . . . .

18 U.S.C. § 3142(g).

**ANALYSIS**

*Risk to the Safety of Others*

Judge Guthrie found that Miller presented a danger to the community, and therefore ordered him detained. Upon review of the record, including a transcript of the detention hearing, the Court agrees that the Government has established by clear and convincing evidence that no condition or combination of conditions of release can reasonably assure the safety of the community against the danger that Miller would present while on release.

Judge Guthrie found that there was a serious risk that the defendant would endanger the safety of another person or the community. First, Judge Guthrie found that the evidence showed that Miller was in possession of law enforcement reports from other drug investigations that named him as a drug dealer. Second, she found that he had access to large amounts of cash, but had no employment history. Third, Judge Guthrie found that Miller had threatened, with a gun, a person he thought had stolen a necklace from him. Finally, she found that searches of his house turned up drug paraphernalia, which indicates drug dealing. As a result, Judge Guthrie found that Miller was a danger to witnesses and the community. Further, Miller may face a sentence of twenty to thirty years in jail based on the charged offenses and the evidence against him. Based on the foregoing and applying the factors of § 3142(g), the Court finds that Miller presents a serious risk to the community and that conditions of release are unlikely to mitigate this danger.

*Eligibility for a Detention Hearing*

The Court declines to adopt Miller's attempt to mandate an eligibility proffer prior to holding a detention hearing. Miller cites to the District of Columbia Circuit's decision in *United States v.*

*Singleton*, which states that "a detention order is based on a hearing, while an order to hold a hearing is based on a proffer of what the hearing might establish," in support of its proposition. 182 F.3d 7, 12 (D.C. Cir. 1999). However, the *Singleton* Court was specifically determining whether the Bail Reform Act requires courts to identify crimes of violence under § 3142(f)(1)(A) on a categorical or case-by-case basis. *Id.* at 10. Its rejection of the case-by-case approach, which reviews the nature of the offense at the hearing to determine whether the hearing itself is appropriate, in favor of the categorical approach for identifying which crimes are violent offenses is distinguishable from the present case. *See id.* at 12.

Accordingly, Miller's assertion that the eligibility proffer must be made prior to holding a detention hearing is unsupported. In the present case, the government was not attempting to classify and prove Miller's crime was a crime of violence based on the evidence offered at the detention. Judge Guthrie properly recognized the separate requirements of determining that the defendant meets the criteria for being eligible for a detention hearing and that the defendant should be detained. The government stated its grounds under § 3142(f)(2) for the detention hearing, that there was a serious risk that Miller would flee or would attempt to obstruct justice or threaten, injure, or intimidate or attempt to do so to any perspective witness or juror. Then, at the hearing, the parties offered evidence and Judge Guthrie found that Miller, if released, was a danger to the community and other witnesses. Therefore, the Court finds that the proper procedure was conducted and the required findings were made by Judge Guthrie in determining Miller was eligible for detention and should be detained.

**CONCLUSION**

Miller is a serious risk to the safety of the community. Additionally, Judge Guthrie made the required findings for detention hearing eligibility and pretrial detention. Accordingly, Defendant's

Motion to Revoke Pretrial Detention Order is **DENIED**.

**So ORDERED and SIGNED this 29th day of September, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**